JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE:                                      ) | CASE NO.: CV 12-CV-7847 ABC |
|                                             ) | |
| BRENDA SUSAN REIMERS,                       ) | |
|                                             ) | |
|                                             ) | Bankr. No. 10-BK-62202-BB |
|              Debtor.                        ) | Adversary No. 11-AP-02416-BB |
| _____)  | |
|                                             ) | |
| BRENDA SUSAN REIMERS,                       ) | |
|                                             ) | ORDER VACATING BANKRUPTCY COURT'S |
|              Appellant                      ) | JUDGMENT and REMANDING ADVERSARY |
|                                             ) | PROCEEDING FOR TRIAL |
|        vs.                                  ) | |
|                                             ) | |
| SALLIE MAE, INC., and                       ) | |
| EDUCATIONAL CREDIT MANAGEMENT               ) | |
| CORPORATION,                                ) | |
|                                             ) | |
|              Appellee.                      ) | |
| _____)  | |

Pending before this Court is an appeal from a Judgment by the Bankruptcy Court for the Central District of California in favor of Appellees entered in this adversary proceeding on August 7, 2012. Upon consideration of the submissions of the parties and the case file, the Court hereby **VACATES** the Judgment and **REMANDS** the matter for trial.

**BACKGROUND**

This bankruptcy appeal arises out of Appellant Susan Reimers's ("Appellant") adversary proceeding against Appellees Sallie Mae, Inc. ("Sallie Mae") and Educational Credit Management Corp. ("ECMC") to determine the dischargeability of her student loans.  The facts are undisputed:

The Bankruptcy Court's Procedures for Conduct of Court Trial ("Procedures") entered on May 11, 2012, required Appellant to present the testimony of all witnesses through declarations, and to present contested exhibits through such declarations.  The date by which Appellant was to submit her declarations was May 29, 2012.

Appellant admittedly misunderstood this directive to apply only to testimony from non-party witnesses.  Appellant was not planning to present any testimony other than her own, and therefore she did not submit her own declaration because she expected to testify at the court trial.

Thereafter, on June 28, 2012, ECMC filed a Motion in Limine seeking to bar Appellant from presenting any testimony or exhibits at trial on the ground that she failed to submit trial declarations as required by the Procedures.  The Motion in Limine was set to be heard on July 17, 2012, the day of trial.  Appellant opposed the Motion in Limine and explained her mistake.

On the day of trial, the Court heard argument on the Motion in Limine, and Sallie Mae made an oral motion for joinder.  The Court granted the Motion in Limine and motion for joinder.  As a result, Appellant did not have any testimony or other evidence to present at trial and thus could not demonstrate that her student loan debt was dischargeable.  The Court then entered judgment for Appellees.

In this appeal, Appellant contends that it was an abuse of discretion for the Bankruptcy Court to grant the Motion in Limine, which was tantamount to a terminating sanction, and that it was an abuse of discretion to grant Sallie Mae's oral joinder.  The Court agrees with the first contention, and need not reach the second.

**DISCUSSION**

The parties disagree as to how to characterize the Bankruptcy Court's ruling: was it merely an evidentiary ruling, as Appellees contend, or was it akin to a sanction, as Appellant contends?

The Court views the ruling as tantamount to a sanction.  The Motion in Limine sought to bar Appellant from presenting evidence at trial on the ground that she failed to submit declarations in accordance with the Procedures.  Such an exclusion is analogous to sanctions under Fed. R. Civ. P. 37(c)(1).

Under Rule 37(c)(1), a party who fails to disclose discovery materials may not use those materials as evidence at trial.  The Ninth Circuit has repeatedly referred to this consequence as a sanction. See, e.g., Hoffman v. Constr. Protective Services, Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) (referring to Rule 37(c)(1) as "a self-executing, automatic sanction. . ."); see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1247 (9th Cir. 2012) (noting that "evidence preclusion is, or at least can be, a harsh sanction," and finding that because evidentiary sanction "dealt a fatal blow" to claim, "in practical terms, the sanction amounted to dismissal of a claim.")  And, as happened in this case, exclusion under Rule 37 of undisclosed materials is generally sought via a motion in limine.  See Hoffman, 541 F.3d at 1180 (Rule 37(c)(1) exclusion sanction requested in a motion in limine).  Thus, that

3

Appellees here sought exclusion through a motion in limine does not mean that the result was a mere evidentiary ruling as opposed to a sanction.  Ninth Circuit case law clearly treats such rulings as sanctions.

Alternatively, the sequence of events here was akin to a sanction of dismissal for Appellant's failure to comply with pretrial procedures and orders mandated by local rules and court orders.  <u>See</u> <u>Thompson v. Hous. Auth. of City of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986) (describing court's inherent authority to issue sanctions for non-compliance with procedures and orders).

However denominated, the exclusion of Appellant's testimony and exhibits in this case on the ground that she did not submit declarations functioned like a sanction, the consequence of which was the dismissal of Appellant's claim.  The Court will therefore review the Bankruptcy Court's decision under the five-factor test usually applied upon review of terminating sanctions.

Before imposing terminating sanctions, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.  <u>Thompson</u>, 782 F.2d at 831.  Where a sanction amounts to a terminating sanction, the Court must also consider whether the noncompliance was willful or in bad faith.  <u>See R & R</u> <u>Sails, Inc. v. Ins. Co. of Pennsylvania</u>, 673 F.3d 1240, 1247 (9th Cir. 2012) ("sanction amounted to dismissal of a claim, [so] the district court was required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith,. . . and also to consider

the availability of lesser sanction.") (citations omitted).  A court's imposition of sanctions is reviewed for an abuse of discretion, which means that it should not be reversed "absent a definite and firm conviction that the district court made a clear error of judgment." Halaco Eng'g Co. v. Costle, 843 F.2d 376, 379 (9th Cir. 1988).

Here, Appellant concedes, and the transcript sections cited by the parties do reflect, that, when it granted ECMC's Motion in Limine, the Bankruptcy Court appropriately considered the public's interest in expeditious resolution of litigation and the Court's need to manage its docket.  However, nothing in the record demonstrates that the Court considered the remaining factors, all of which counsel strongly against the imposition of a terminating sanction.

The ruling below involved no discussion of Appellant's state of mind.  Nothing in the record indicates any bad faith on the part of Appellant, and Appellees do not contend that Appellant erred in bad faith.  In addition, Appellant was otherwise prepared for trial, so there is no reason to think she was trying to stall the case in bad faith.  Nor does Appellant have a history of non-compliance with court orders, or of being an uncooperative litigant.  In short, all evidence suggests that Appellant's misreading of the Procedures was a good-faith mistake.

The ruling below reflects no consideration of less drastic measures.  Most obviously, the Bankruptcy Court could have continued the trial for a short time to allow Appellant to file her declaration and thereby correct her good-faith mistake.  Similarly, although the Court acknowledges that this might not have been ideal, given the simplicity of the issues and small quantum of evidence, it might have been feasible to have conducted the trial despite Appellant's mistake

because Appellees were already familiar with Appellant's evidence. Nothing in the record suggests that Appellees would not have been able to litigate the merits of Appellant's claim in the absence of her declaration.  The Bankruptcy Court discussed neither of these alternatives, or any others, and this was an abuse of discretion.

The ruling below reflects no consideration of prejudice to Appellees.  Nothing in the record suggests that Appellant's failure to submit her declaration and the associated evidence according to the Procedures prejudiced Appellees.  Indeed, Appellant asserts, and Appellees do not dispute, that she already presented all of her evidence in her Trial Brief, her deposition, and during discovery. Appellant's Op. Br. 9:2-6.  Thus, for example, Appellant was not attempting to ambush Appellees with new material.  Nor was this adversary proceeding complex: it appears to have involved only one witness — Appellant herself – and as a result, there were not other witnesses subpoenaed for trial waiting to testify on July 17.  In other words, Appellees would not have been "prejudiced" by having to recall for another day witnesses who were present on July 17, because there were no such witnesses.  Nothing in the record suggests that a short continuance would have prejudiced Appellees.

The strong public policy in favor of adjudicating disputes on the merits clearly disfavors the outcome reached below, especially when the alternative of a continuance was available.

The Court is not insensitive to or unaware of the docket pressures that prevail in this district, as this Court is subject to them, too.  As such, the Court acknowledges that continuing a trial is not a trivial matter, and an unanticipated continuance can create scheduling difficulties.  However, this was a short trial that should

have been relatively easy to reschedule.  In addition, Appellant's mistake was an honest one, and a continuance would not have prejudiced Appellees.  Plaintiff's mistake should not have been fatal to her claim.

For all of the foregoing reasons, the Court is left with "a definite and firm conviction that the [court below] made a clear error of judgment" when it granted the Motion in Limine, which was fatal to Appellant's claim, in the manner in which it did.  The record reflects no consideration of several key factors, most notably of less drastic alternatives, at least one of which (a continuance) would have caused no prejudice to Appellees.

**CONCLUSION**

The Court therefore **REVERSES** the Bankruptcy Court's Order granting ECMC's Motion in Limine and Sallie Mae's Joinder therein, and **VACATES** the Judgment that resulted therefrom.

Consistent with the foregoing, this matter is **REMANDED** for trial. Accordingly, a new trial date shall be set along with new deadlines for pretrial submissions, including a new deadline by which to file declarations.


**IT IS SO ORDERED.**


DATED:      February 12, 2013

_____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

cc: U.S. Bankruptcy Court